# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

E. L. Dominick, Jr.

v.

Marion M. Vassar etc.

December 28, 1984

Case No. CH-5536

By JUDGE H. CALVIN SPAIN

The above-captioned matter was tried by this Court on December 6, 1984. At the conclusion of the Defendant's evidence, the Court granted Plaintiff's counsel an opportunity to provide a memorandum of law in that the Defendant had filed a trial memorandum with the Court on the date of trial.

The Court has reviewed carefully the evidence presented at trial and the arguments as well as discussion of authorities with respect to each memorandum.

The matter at hand, of course, is a chancery matter. The only relevant issues are whether waiver and estoppel are applicable and would negate the effect of an otherwise binding contract.

The facts have been amply stated in the memoranda filed herein. On September 15, 1983, John A. Vassar died. On October 10 and 11, 1983, special meetings of the stockholders and board of directors elected Marion M. Vassar as a Director and President of Tidewater Auto Parts, Inc. On October 10, 1983, Mrs. Vassar, in her capacity as Executrix of the Estate of John A. Vassar, surrendered a stock certificate in Tidewater Auto Parts, Inc., which amounted to some 112 shares in the name of John A. Vassar, and requested that a new certificate be issued in her name, individually, by virtue of being the beneficiary of the Last Will and Testament of John A. Vassar. Subsequently, a stock certificate was issued to Marion M. Vassar

(Marion Morrel Vassar) dated October 10, 1983, and executed by E. L. Dominick, Jr., Treasurer, and Marion Morrel Vassar as President.

On September 5, 1966, E. L. Dominick, Jr. and John A. Vassar entered into a Stock Option Purchase Agreement (hereinafter called the "Agreement") with respect to their respective 112 shares of stock in Tidewater Auto Parts, Inc. The Agreement granted, in essence, a 90-day first option for the surviving individual to purchase the stock of the deceased individual, after giving certain notices. Prior to the transfer of the stock to Marion M. Vassar, no notice had been given by E. L. Dominick, Jr. Notice was subsequently given within the 90-day period in the manner required by the agreement.

None of the stock certificates contained any restrictions on the face thereof with respect to the right of transfer. No mention was made of any restriction at the time of the transfer to Marion M. Vassar, individually. There has been no evidence introduced that either party lacked knowledge of the existence of the September 5, 1966, Agreement at the time of the reissuance of the stock to Marion M. Vassar on October 10, 1983.

The Agreement was binding upon the heirs, devisees, etc. of the Estate of John M. Vassar. It is argued that the 90-day option to purchase by Mr. Dominick extended to Mrs. Vassar by virtue of the Agreement. It is further arguable that she took the stock as a constructive trustee subject to the rights of Mr. Dominick pursuant to the Agreement.

Waiver is generally held to be a legal concept applicable in matters at law. Further, it seems to require consideration.

Estoppel is in the form of common law estoppel and/or equitable estoppel. It is applicable upon certain facts in chancery matters.

The Court finds from all of the evidence that has been introduced in this matter, and the memoranda and authorities cited therein, that the Plaintiff, E. L. Dominick, Jr., is barred by estoppel from asserting his right of option to purchase pursuant to the Agreement of September 6, 1966, against Marion M. Vassar. The act transferring stock on the corporate books in which the Plaintiff, himself, participated, is inconsistent with respect to the rights held by the Plaintiff under the aforementioned Agreement. The Plaintiff had full knowledge

of his rights at the time of his participation in the transfer of the stock, and did not see fit to put any restriction upon the face of said stock certificate, making the same readily marketable to any third party who might have been interested in purchasing said stock. Consistent with the actions of the Plaintiff, the Plaintiff and the Defendant in this matter did engage in mutual efforts to obtain a purchaser for the business of Tidewater Auto Parts, Inc. while preserving for their mutual benefit as rental property that real property owned by the corporation. It was only at the 11th hour and 59th minute, after the actual value of the corporate assets became known, that the Plaintiff saw fit to give notice of the exercise of his rights under the Agreement. His actions were entirely inconsistent with one who intended to give purpose and meaning to the original Stock Option Purchase Agreement.

For all of the foregoing reasons, the Court has decided that judgment should be entered in favor of the Defendant.